IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| KIRK DOUGLAS BOLTON, #1750885 | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 2:13cv902 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

Petitioner Kirk Douglas Bolton, an inmate confined in the Texas prison system, proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge Roy S. Payne for findings of fact, conclusions of law and recommendations for the disposition of the case. The Magistrate Judge subsequently issued a Report and Recommendation that Petitioner's action be dismissed with prejudice. *See* Docket Entry # 16. Petitioner filed objections to the Report and Recommendation. *See* Docket Entry # 18.

Bolton is in custody pursuant to the judgment and sentence from the 115th District Court of Upshur County, Texas, in cause number 15,912. *See* CR at 1.[1] Bolton was charged with delivery of less than one gram of cocaine within a drug-free school zone in cause number 15,912. *See id*. Bolton was found guilty by a jury and sentenced as a habitual offender to life imprisonment. *See* III RR 210; CR 61. His conviction and sentence were affirmed on appeal. *See Bolton v. State*, No.

---

[1] "SHCR" refers to the clerk's record of the state habeas pleadings and papers filed in the state habeas trial court. *See Ex parte Bolton*, Application No. 79,740, with the relevant volume number designated by "-01, -02, -03," etc., and followed by the relevant page numbers. "CR" refers to the Clerk's Record. "Supp. CR" refers to the Supplemental Clerk's Record. "RR" refers to the trial transcripts.

1

06–11–00268–CR, 2012 Tex. App. LEXIS 9402, at **1-2 (Tex. App.—Texarkana 2012).

The Court of Criminal Appeals refused Bolton's petition for discretionary review on March 20, 2013. *In re Bolton*, PD- 1683-12 (Tex. Crim. App. 2013). Bolton then filed an application for state writ of habeas corpus on May 7, 2013. SHCR at 40. Bolton's attorney filed an affidavit on May 24, 2013. Id. at 75-76. Judge Parish filed findings of fact and conclusions of law on May 29, 2013. *Id*. at 77-79. The Court of Criminal Appeals subsequently adopted Judge Parish's findings and conclusions and denied relief on August 7, 2013 on the findings of the trial court without a hearing. SHCR at cover.

In the objections, Bolton re-urges two of his arguments presented in his writ. In his first objection, he argues that the amendment of the indictment in his case violated his constitutional right to due process. *See* Objections at 1. As the Report and Recommendation noted, "the sufficiency of a state indictment is not a matter for federal habeas corpus review unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction." *Alexander v. McCotter*, 775 F.2d 595, 598 (1985); *see* Report and Recommendation at 8. Federal courts will not consider claims that a state indictment is insufficient to confer jurisdiction upon the trial court when the jurisdictional issue "was squarely presented to the highest court of the state" and it can reasonably be inferred that the court passed on the merits of the jurisdictional claim. *Id*. at 598-99.

Further, the issue of the amended indictment was addressed by the Texarkana Court of Appeals, which asked the district clerk to provide a supplemental clerk's record containing the indictment with the amendment delineated on the face of the indictment. *See Bolton*, 2012 Tex. App. LEXIS 9402, at **13-14. The indictment at issue is in the supplemental clerk's record. *See* Supp. CR at 2.

Regarding Bolton's claim that he was denied due process because the State amended the indictment on the day of trial, the issue is not jurisdictional. Further, the Court of Criminal Appeals addressed it and denied it when reviewing Bolton's claim. Also, the record indicates that Judge Parish granted the State's motion to amend on October 7, 2011 more than a month **before** Bolton's November 21, 2011 trial. *Id* at 29. The amendment did not occur at trial; it occurred well in excess of the ten days set out in Article 28.10 of the Code of Criminal Procedure (Article 28.10). *See* Tex. Code Crim. Proc. art. 28.10(a) (West 2011). Additionally, Bolton's trial counsel did not object to the amendment. *See* id. art.28.10(c). The state habeas trial court found Bolton's claim to be without merit. SHCR at 78. Bolton's objection to the Report and Recommendation fails because the underlying claim does not present a meritorious issue for review, and the adjudication of the claim was not contrary to or an unreasonable application of Supreme Court precedent.

In his second objection, Bolton argues that his counsel was constitutionally ineffective by failing to object to the State's amendment of the indictment. *See* Objections at 2. Bolton believes that trial counsel Patton was ineffective in refusing to object to the amended indictment the day of voir dire since the amendment charged him with a new offense, namely possession of cocaine and not methamphetamine. *See* Fed. Pet. at 19. Bolton argues in his objections that counsel "wanted court to amend indictment and not give defendant a chance" and that "counsel never had a strategic reason for not objecting and only used CI as a reason to satisfy the Court. *See* Objections at 2.

As the Report and Recommendation stated, Patton addressed this allegation in his affidavit. *See* Report and Recommendation at 16. Patton stated that he "did not see a benefit of objecting to the amendment and postpone the trial to late December or January." SHCR at 75. He also said that there was a benefit to not postponing the trial further: "Instead of delaying the trial, I simply felt it

was advantageous to proceed at that point as we had hoped that the Confidential Informants would not be located." *Id*.

Patton had a strategic reason for not objecting to the amendment. A "conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Martinez v. Dretke*, 404 F.3d 878, 885 (5th Cir.2005). The State complied with Article 28.10 and could, without delay, amend the substance of the indictment. There was no objection to offer, and Bolton's objection fails. A defendant who claims to have been denied effective assistance must show both that counsel performed deficiently and that counsel's deficient performance caused him prejudice. *Strickland*, 466 U.S. at 687; *see* also *Buck v. Davis*, 137 S. Ct. 759 (2017). Bolton has not shown that his counsel performed deficiently and therefore has not satisfied the first prong of *Strickland*.

Bolton further argues in his objections that he was harmed by the amendment. He states, "If the court couldn't amend the indictment, defendant would not have been convicted on the indictment at court. That should meet the standard under *Strickland*." *See* Objections at 2. It is not necessary to address the prejudice prong of *Strickland* because Bolton did not demonstrate that his counsel rendered ineffective assistance of counsel. Bolton, however, has not affirmatively demonstrated that he would not have been convicted but for the amendment. *See Czere v. Butler*, 833 F.2d 59, 64 (5th Cir. 1987); *see* also *Strickland*, 466 U.S. at 693.

Bolton has failed to show Patton's representation falls below the *Strickland* standard; therefore, he cannot overcome the default. Additionally, Bolton cannot show that the state courts' adjudication on the merits was contrary to, or involved an unreasonable application of, *Strickland*. Bolton's claims do not rise to the level of reversible error; therefore, this objection and the

underlying claim are meritless.

Having overruled the objections, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and adopts same as the findings and conclusions of the Court. Accordingly, **IT IS HEREBY**

**ORDERED** that the above-entitled and numbered cause of action is **DISMISSED WITH PREJUDICE**. Fed. R. Civ. P. 41(b); Rule 41, Local Rules for the Eastern District of Texas.

All motions by either party not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 15th day of March, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE